IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

CHUNG & PRESS, LLC,

    Appellant,

v.

THIMOTHY P. BRANIGAN,
CHAPTER 13 TRUSTEE

    Appellee.

Case No.: GJH-17-00484

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Bankruptcy debtor's counsel Chung & Press, LLC ("Appellant") appeals a January 11, 2017 order by the U.S. Bankruptcy Court for the District of Maryland granting, in part, Debtor Counsel's Interim Application for Compensation and Reimbursement of Expenses, ECF No. 1-2. The Bankruptcy Court reduced Appellant's request for attorney's fees from $14,602.50 to $9,300.00. United States Trustee filed an Amicus brief pursuant to 11 U.S.C. § 307 defending the Bankruptcy Court's Order. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019. For the reasons that follow, the Court will affirm the Bankruptcy Court's Order.

I.     **BACKGROUND**

Debtor William T. Starner filed for Chapter 13 bankruptcy relief under the provisions of 11 U.S.C. §§ 1301 *et seq.* on July 10, 2014. ECF No. 1-2 at 1.[1] Appellant filed a Disclosure of

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system for this appeal.

1

Compensation pursuant to Bankruptcy Rule 2016(b) stating that it had accepted a $3,645 retainer and would charge Debtor at a rate of $495 per hour for legal representation. *Id.* at 1. The Bankruptcy Court entered an order confirming Debtor's Chapter 13 plan on September 2, 2015, which pays creditors $9,760.00 over a period of 36 months. *Id.* at 3. According to the Bankruptcy Court, Debtor's Chapter 13 case was relatively routine, "with the only wrinkle being the Debtor's dispute with his ex-spouse." *Id.* at 2.

On February 23, 2016, Appellant filed a Fee Application requesting $14,602.50 in fees and $211.50 in expenses for work performed between May 5, 2014 and January 12, 2016 reflecting its disclosed rate of $495 per hour. *Id.* at 3; ECF No. 2-50. The Bankruptcy Court held a hearing on the Fee Application on August 16, 2016, ECF No. 5, and reduced Appellant's fee award to $9,300.00. ECF No. 1-2 at 13. The Bankruptcy Court denied Appellant's Motion to Alter or Amend the reduced fee award on February 10, 2017, ECF No. 1-3, and this appeal followed. ECF No. 1.

## II. STANDARD OF REVIEW

The Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a). *See also Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir.2013) (parties of bankruptcy cases can appeal orders that dispose of discrete disputes within the larger case). The Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law de novo. *See In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). The amount of an attorney's fee award is left to the discretion of the trial court, which has close and intimate knowledge of the efforts expended and the value of the services rendered. *Arnold v. Burger King Corp*, 719 F.2d 63, 67 (4th Cir. 1983).

2

## III. DISCUSSION

Appellant alleges that the Bankruptcy Court erred in reducing its fee award because the Bankruptcy Court 1) failed to consider the customary compensation charged by similar practitioners in non-bankruptcy actions, 2) incorrectly concluded that a paralegal could have performed 4.2 hours of work billed by Appellant, and 3) improperly considered the presumptively reasonable standard flat fee set forth in Appendix F of the Local Bankruptcy Rules for the District of Maryland (the "no look" fee). ECF No. 8.

In a Chapter 13 proceeding, "the court may allow reasonable compensation to the debtor's attorney . . . based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(b). The Local Bankruptcy Rules allow bankruptcy counsel to charge a flat fee in representing Chapter 13 debtors. The fee is presumptively reasonable but not mandatory. *See* Loc. Bankr. R. App'x F; *see also In re Kestner*, No. 12-32831-RAC, 2015 WL 1855357, at *11 (Bankr. D. Md. Apr. 20, 2015). However, if debtor's counsel choses an alternate arrangement, such as an hourly rate, counsel must file an application in accordance with the Bankruptcy Code. *In re Kestner*, No. 12-32831-RAC, at *11. The bankruptcy court has both the power and duty to review the fee application. *See* 11 U.S.C. § 329(b); *In re Courtois*, 222 B.R. 491, 494 (Bankr. D. Md. 1998).

Section 330(a)(3) of the Bankruptcy Code sets forth the factors the bankruptcy court must apply to determine the reasonable fee as follows:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including— (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E)

with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

In determining the reasonableness of the fee sought here, the Bankruptcy Court applied a hybrid of the lodestar analysis and twelve-factor test set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) as adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978). *See* ECF No. 1-2 at 6–7. Under the lodestar analysis, a reviewing court multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Daly v. Hill*, 790 F.2d 1071, 1084 (4th Cir. 1986). The court may then assess the overall reasonableness of the lodestar by considering the twelve *Johnson* factors, specifically: (1) the time and labor required; (2) the novelty and difficulty of the questions raised; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship between the attorney and the client; and (12) attorney's fee awards in similar cases. *See Johnson*, 488 F.2d at 717–720. The court is to consider all twelve factors, but "need not robotically list each factor or comment on those factors that do not apply." *Dodeka, L.L.C. v. AmrolDavis*, No. 7:10-CV-17-D, 2010 WL 3239117, at *2 (E.D. N.C. Aug. 16, 2010).

In applying the *Johnson* factors, the Bankruptcy Court first evaluated the five categories of fees included in Appellant's Fee Application: 1) Initial Services; 2) Ex-Spouse Motions; 3) Plans and Confirmation; 4) General Representation/Advisement; and 5) Preparation of the Fee

4

Application. ECF No. 1-2 at 7. After deducting 1.2 hours that Appellant voluntarily agreed to waive for preparation of the Fee Application, the Bankruptcy Court found that Appellant spent 28.3 hours on the matter. ECF No. 1-2 at 10. However, the Bankruptcy Court noted several time entries from categories 1 and 3 that, in the Bankruptcy Court's judgment, could have been performed by a paralegal, associate, or at a reduced administrative rate and found that billing 4.2 of the 28.3 hours at an attorney's rate was not reasonable. *Id.* at 11. The Bankruptcy Court determined that a reduced fee award of $9,300.00 sufficiently compensated Appellant for expeditiously resolving the Chapter 13 matter that, with the additional complication of a domestic dispute, made the case less desirable. ECF No. 1-2 at 13.

### A. Appellant's Hourly Rate

Appellant argues that the Bankruptcy Court erred in its application of the *Johnson* factors because the Bankruptcy Court, when considering a reasonable hourly rate, only compared Appellant's rate to other Chapter 13 practitioners rather than "comparably skilled practitioners in cases other than cases under this title" as required by 11 U.S.C. § 330(a)(3)(F). ECF No. 8 at 16. As a preliminary matter, the Bankruptcy Court's hybrid lodestar/*Johnson* factor approach is a permissible methodology for determining the reasonableness of attorney's fees in Chapter 13 proceedings. *See In re Vu*, 366 B.R. 511, 520–21 (D. Md. 2007). Compared to the five factors set forth in 11 U.S.C. § 330(a)(3), the twelve *Johnson* factors "are a parallel but more detailed approach to addressing the important considerations involved in setting attorney's fees." *See Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985).

The five factors set forth in 11 U.S.C. § 330(a)(3) are not exclusive or rigid; rather, they are a subset of factors relevant to the determination of a reasonable fee. *See* 11 U.S.C. § 330(a)(3) ("the court *shall consider* . . . all relevant factors, including . . .") (emphasis added).

5

Contrary to Appellant's position, § 330(a)(3)(F) does not go so far as to mandate that debtor's counsel be compensated at the exact rate counsel would have been paid for a non-bankruptcy matter or imply that counsel's non-bankruptcy rate is presumptively reasonable for Chapter 13 matters. Nonetheless, Congress enacted this provision to ensure "that high-quality attorneys and other professionals would be available to assist trustees in representing and administering bankruptcy estates" and recognized that "comparable compensation" was necessary so that these professionals would remain in the bankruptcy field. *See Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2170 (2015) (Breyer, J. dissenting) (citing H.R. Rep. No. 95-595, p. 330 (1977)); *see also In re Apex Oil Co.* 960 F.2d 728, 732–733 (8th Cir. 1992) (when the court is determining a reasonable hourly rate for purposes of the lodestar calculation, "the cost of comparable, non-bankruptcy services is a factor relevant to defining the parameters of reasonable compensation").

The Bankruptcy Court's initial Memorandum Opinion did not address § 330(a)(3)(F). In that opinion, the Bankruptcy Court, after reviewing the number of hours reasonably expended, stated that "it must review the customary rate for a consumer Chapter 13 case." ECF No. 1-2 at 9. The Bankruptcy Court went on to compare Appellant's proposed hourly rate of $495 to reported rates of other Chapter 13 counsel, concluding that the average rate charged was $336.25 and Appellant's rate "is substantially higher than that of most Chapter 13 attorneys." *Id.* The Bankruptcy Court did the same for rates charged by paralegals in Chapter 13 cases, noting that the average was $134.25 per hour. *Id.* at 10.

It appears from the record, that Appellant did not present the Bankruptcy Court with any argument or evidence regarding the rates of non-bankruptcy attorneys until its Motion to Alter or Amend. *See* ECF No. 11-1 at 10–11 (Appellee noting that Appellant "did not include affidavits from other attorneys attesting to the customary rate charged for similar services in non-

bankruptcy contexts, fee matrixes, or other evidence in support of his fee application."); ECF No. 12 at 9 (Appellant noting that it provided non-bankruptcy comparisons in its Motion for Reconsideration). Addressing that argument in the Motion, the Bankruptcy Court stated:

> Counsel maintains that this Court incorrectly compared his hourly rate to other bankruptcy practitioners in the area rather than to the hourly rate charged by comparably skilled practitioners in nonbankruptcy cases. Counsel then cites to the fee ranges contained in the Attorney Fee Matrix used by the U.S. Attorney's Office for the District of Columbia and the Maryland District Court Local Rules, and concludes that an attorney with his experience would be at the high end of both scales. Thus, Counsel argues his hourly rate of $495.00 is reasonable. The Court does not find this argument sufficient to warrant an adjustment of the compensation awarded. Preliminarily, although the Court agrees that section 330 of the Bankruptcy Code instructs Courts to examine reasonableness by comparison to nonbankruptcy practitioners, the Court disagrees that the reasonableness of Counsel's hourly rate should be determined by comparison to the rates charged by attorneys practicing in the District of Columbia and with Counsel's assertion that Baltimore rates are lower than those typically charged in the Greenbelt area. Nevertheless, the Court's discussion of Counsel's hourly rate was only one part of its analysis and the Court did not arrive at a final compensation award by applying a reduced hourly rate. Rather, the Court considered the reasonableness of the application as a whole. Moreover, although the Memorandum in support of the Fee Order recognizes that Counsel's hourly rate is substantially higher than that of most Chapter 13 attorneys in this area, the analysis of Counsel's hourly rate was also in the context of comparing it to the rates charged by paralegals in light of this Court's conclusion that some of the services billed by Counsel could have been performed by a paralegal. Thus, comparing Counsel's fees to nonbankruptcy practitioners does not change the Court's conclusion that his compensation should be reduced after considering all of the lodestar and *Johnson* factors.

ECF No. 1-3 at 2.

Thus, while the Bankruptcy Court did appear to rely solely on Chapter 13 compensation awards in its initial opinion and in comments made during the hearing,[2] the Bankruptcy Court, once provided with information regarding non-bankruptcy practitioners in the Motion to Alter or Amend, considered the evidence and did not find that it justified Appellant's request. Therefore,

---

[2] *See* ECF No. 5 at 14:17–19 ("I mean you're asking for [$]14,600 in a Chapter 13 case which is a lot of money. I mean for a Chapter 13"); *id.* at 19:21–20:6 ("And when I was practicing I didn't do 13s unless it was, because I couldn't charge my normal rate and I knew I was going to get stung if I did the 13. And I did them, in rare cases I did them when I committed to a client that I was going to file a 7 and then all of a sudden it became a 13, because it was appropriate").

7

the "customary compensation charged by comparably skilled practitioners in cases other than cases under this title" was "tak[en] into account" as § 330(a)(3) instructs.

### B. Excluded Hours

Next, Appellant argues that the Bankruptcy Court impermissibly determined that 4.2 hours of purportedly administrative or clerical tasks should have been performed by a paralegal or associate instead of Appellant. ECF No. 8 at 19. The number of hours reasonably expended is a question of fact reserved for the Bankruptcy Court, and the Court only reviews this determination for an abuse of discretion. *See Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (the trial court has discretion in determining the amount of hours reasonably billed because of its superior understanding of the litigation and desirability of avoiding appellate review of such factual matters).

The Bankruptcy Court identified the time entries that, in its estimation, did not warrant Appellant's rate, specifically noting entries for drafting form letters and a "bare bones" petition. ECF No. 1-2 at 10–11. The Bankruptcy Court was in fact the recipient of some of these documents and had first-hand knowledge of which aspects of the case could have been handled by an experienced attorney as compared to an associate or paralegal. Appellant notes that work performed by its clerical staff was not included in the fee application. ECF No 12 at 10. However, the Bankruptcy Court is not charged with confirming that Appellant itself actually performed the tasks charged in its Fee Application; rather, the Bankruptcy Court must confirm that those charges were reasonable and an exercise of "billing judgment." *See Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002). Here, the record reflects that the Bankruptcy Court carefully reviewed specific charges in the fee application and applied the *Johnson* factors in making its determination. The Court cannot find that it abused its discretion in excluding specific hours.

Finally, Appellant suggests that the Bankruptcy Court improperly reduced Appellant's fee award based on the flat fee provided in Appendix F of the Local Bankruptcy Rules. ECF No. 8 at 22. However, the Bankruptcy Court's opinion makes clear that it merely referenced the flat fee as the presumptively reasonable starting point for a fee award. ECF No. 1-2 at 5 ("when Chapter 13 counsel opts out of the Appendix F flat fee, the compensation sought is no longer presumptively reasonable, and the Court has the power to review the fees sought"). A party seeking attorney's fees maintains the burden of establishing entitlement to a reasonable award, *Hensley*, 461 U.S. at 438, and Appellant's decision to forgo the flat fee appropriately initiated the Bankruptcy Court's inquiry into whether Appellant's request was reasonable. As already indicated, the Bankruptcy Court appropriately applied the *Johnson* factors in making that inquiry. Therefore, the Court has no basis to find that the Bankruptcy Court's reference to the Appendix F flat fee was an abuse of discretion.

## IV. CONCLUSION

For the foregoing reasons, the Order of the Bankruptcy Court is affirmed. A separate Order follows.

Dated: October 16, 2017

GEORGE J. HAZEL
United States District Judge

9